IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**L.A. BARKSDALE**                                                        **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO: 4:21-CV-66-DAS**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, et al.**                                         **DEFENDANTS**

## MEMORANDUM OPINION

The plaintiff has sued three defendants in this action challenging his conditions of confinement. He named as defendants Tommy Taylor, the then Interim Commissioner of the Mississippi Department of Corrections, Timothy Morris, Superintendent at the Mississippi State Penitentiary and Richard Pennington, the Director of the Administrative Remedies Programs.[1] The defendants have moved for summary judgment asserting multiple grounds seeking judgment in their favor. The plaintiff has filed no response in opposition to the motion.

Barksdale's lawsuit is virtually identical to the action brought by Dan Dewayne Newcomb in Civil Action No. 4:20-cv-105-GHD-RP against the same three defendants and lists the number of that action on his complaint. The only substantive difference between the two pleadings is that Barksdale, unlike Newsome, failed to exhaust his administrative remedies. The court must therefore dismiss the complaint either on the merits or for failure to exhaust administrative remedies.

---

[1] The caption lists the Mississippi Department of Corrections, but the complaint does not list this state agency as a defendant.

Because dismissal for failure to exhaust administrative remedies is a dismissal without prejudice, the court elects to address the merits of all the claims made by Barksdale and to dismiss, where appropriate, on the merits. 42 U.S.C.A. § 1997e(c)(2)( "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.")

The defendants assert that the case should be dismissed for the following reasons:

1. The defendants are entitled to sovereign immunity in their official capacities and are not "persons" under § 1983.
2. The defendants are entitled to qualified immunity in their individual capacities.
3. The plaintiff has not shown any physical injuries to support a claim for relief under § 1983; and
4. The plaintiff has failed to exhaust his administrative remedies.

When he filed his complaint, Barksdale was a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC") incarcerated at the Mississippi State Penitentiary ("MSP") in Parchman, Mississippi. He has at different times been housed in Unit 29 and Unit 30. He was also housed for a time at the Alcorn County Jail. He sued the defendants, alleging unconstitutional conditions of confinement while he was incarcerated at MSP. He claims that MSP Unit 30 suffered from broken toilets, showers, holes in the floors, brown/smelly water, and mold. Barksdale has not alleged injury and has not pointed to any evidence to refute the defendants' claim that his medical records show no injury sufficient to support a claim. Instead, like Newcomb before him, he claims that the prison conditions subjected him to risks of imminent harm. He also complains that the grievance procedures at

2

Parchman are flawed and designed to frustrate and block inmates' efforts to address or seek remedies when conditions violate health, safety, and security standards.

Barksdale copies Newcomb's requests that the court order the defendants to develop a plan to eliminate the risks of serious harm he suffers based on the dangerous, filthy conditions. Unlike Newcomb, who had been moved from Unit 30 before the motion for summary judgment was filed in his case, Barksdale remains housed in Unit 30. Barksdale requests that the ARP policy and procedure at Parchman be reviewed and, if the court finds that the procedures are lacking, that it order the necessary corrections. Like Newcomb, Barksdale requests compensatory and punitive damages in a fair and reasonable amount.

Two of the defendants, the former Interim MDOC Commissioner Tommy Taylor and Timothy Morris (Superintendent of MSP) – are sued in their official capacities only. Barksdale has sued Richard Pennington as Director of the Administrative Remedy Program ("ARP") in both his official and individual capacity. He has named the Mississippi Department of Corrections as a defendant in the caption of the case, but it is not listed as a defendant in the body of the complaint.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*,

477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

4

### Eleventh Amendment Immunity: Claims Against MDOC and Defendants in Their Official Capacities

Sovereign immunity, as reflected in the Eleventh Amendment, precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. amend. XI; *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). In addition, Mississippi has not waived its right to sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.")

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326–27 (5th Cir. 2002); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars a federal court suit naming "the State or one of its agencies or departments as the defendant"). The Mississippi Department of Corrections ("MDOC") is an arm of the State of Mississippi and thus cloaked with Eleventh Amendment immunity from suit. *See Williams v. Mississippi Dep't of Corr.*, Civ. No. 3:12cv259-CWR-FKB, 2012 WL 2052101, at *1–2 (S.D. Miss. June 6, 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment); *Dandridge v. Mississippi*, No. Civ No. 2:08cv229-KS-MTP, 2009 WL 4940105 (S.D. Miss. Dec. 14, 2009) (Same).

As MDOC is an arm of the state, its officers and employees are also officers of the state in their official capacities. They are entitled to sovereign immunity from monetary damages in their official capacities. *See Am. Bank & Tr. Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993)

(*citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("a suit against a state official in his or her official capacity ... is no different from a suit against the State itself.").

However one exception exists for suits against state officials in their official capacities—actions limited to prospective injunctive relief. In *Ex parte Young*, the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued for injunctive relief in his official capacity. *Ex Parte Young*, 209 U.S. 123, 159–160 (1908). In the Newcomb case, because the inmate was moved to a renovated area and was no longer in the Unit 30 area, he could no longer seek injunctive relief. The defendants have not asserted that Barksdale has been moved and therefore had he exhausted the claims, he could pursue injunctive relief. Because the *Young* exception is thus applicable, official capacity claims, if any, that state a claim for injunctive relief only, would not be barred by the sovereign immunity of the state.

## Qualified Immunity

The defendant Pennington has raised the defense of qualified immunity as a shield from liability in this case. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the qualified immunity defense, a plaintiff must meet a two-pronged test. He must first allege a violation of a clearly established constitutional right. *Wilkerson v. Stalder*, 329 F.3d 431, 434 (5th Cir. 2003); *Heitschmidt v. City of Houston*, 161 F.3d 834, 836–37 (5th Cir.1998). "To be 'clearly established' for purposes of qualified immunity, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Johnson v. Johnson*, 385

6

F.3d 503, 524 (5th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In addition to alleging the violation of a clearly established constitutional right, a plaintiff must also allege facts showing that the defendant's conduct was objectively unreasonable in the light of the law established at the time of the incident. *Heitschmidt*, 161 F.3d at 836–37. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Barksdale sued Richard Pennington in his individual capacity. As Pennington is the director of the ARP, he has no nexus with Newcomb's claims regarding the conditions in Unit 30. He raises an individual capacity claim against Pennington – that the ARP grievance procedures are ineffective and designed to thwart inmates seeking redress for prison conditions. But Barksdale has not demonstrated a violation of clearly established law in this case. A government defendant violates clearly established law "when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To find that the law was clearly established, "[the court] must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2011) (quoting *Ashcroft*, 563 U.S. at 741). There need not be a case "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741.

While in Newcomb's case there were grievances with the ARP program about prison conditions, including complaints of broken toilets, leaking sinks, broken showers, broken shower tiles, moldy showers, unlit exit signs, broken light fixtures and exposed light fixtures that were incorporated into his complaint, Barksdale never filed any grievance on the prison conditions. There is no connection established between the complaints Barksdale's filed and the ARP program, much less that Pennington was personally involved.

In his complaint, Barksdale alleges that the ARP procedure at Parchman is flawed and designed to frustrate or block inmates from seeking remedies regarding health, safety, and security issues. Though his specific problem with the procedure is unclear, he appears to challenge the backlog policy that could cause an ARP to be delayed, but given that Barksdale filed no grievances about the prison conditions, he has failed to show any harm to himself or standing to complain about the ARP procedures.

Furthermore, even if he had shown himself to be impacted by the backlogging, the procedure, as applied by a prison's administrative remedy program, is constitutional. *Wilson v. Epps*, 776 F.3d 296, 300 (5th Cir. 2015); *Wilson v. Boise*, 252 F.3d 1356 (5th Cir. 2001). As such, Barksdale's claim regarding backlogging is without substantive merit.

In addition, Barksdale does not have a federally protected liberty interest in having his prison grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005). "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id*. at 374 (quoting *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995)). Even if MDOC's failed to follow its own institutional ARP policies or procedures in processing any of Barksdale's ARPs this does not rise to the level of a constitutional claim. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that

"a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *see also Geiger*, 404 F.3d at 373–74.

In sum, Barksdale has not shown the violation of a clearly established constitutional right; nor has he shown that defendant Pennington's conduct was objectively unreasonable in administering the ARP grievance program. Certainly, he has not shown that Pennington is "plainly incompetent" or that he "knowingly violate[d] the law." *Malley*, 475 U.S. at 341. As such, defendant Pennington is cloaked with qualified immunity, and must be dismissed with prejudice from this suit.

## Failure To Exhaust

Under the Prisoner Litigation Reform Act the plaintiff is required to exhaust administrative remedies prior to filing suit. The PLRA provides "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983,] or any other federal law, by a prisoner confined in any jail, prison, or other prison until such administrative remedies as are available are exhausted." 42 USC § 1997e(a). Proper, timely exhaustion of administrative remedies is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378,2382-83., 165 L.Ed. 2d 368 (2006).

In his complaint Barksdale claims he filed and exhausted his administrative remedies. He claims to have filed an ARP on April 19, 2017 numbered MSP 17-689 complaining about unconstitutional living conditions in Unit 29 at the Mississippi State Penitentiary. He claims to have received the First Step and Second Step responses, which if true would exhaust any claims made in the ARP. He did not attach the ARP or the responses to his complaint. He claims he was also "a party" to another ARP concerning Unit 30 that was filed on December 23, 2019. No copy of the ARP or responses are attached to the complaint.

9

The defendants have supported their motion for summary judgment by producing the Barksdale ARP file, verified by the affidavit of Paul R. Pennington. Jr., as Director of the Administrative Remedy Program. The file shows that Barksdale filed a grievance concerning an administrative lockdown, which ended at the First Step. Another grievance concerned a claim seeking to be credited for a visitation bag, less one coke, after the bag was confiscated at the end of a visitation. It was also closed at the First Step. He filed another ARP concerning an RVR but failed to submit a copy of the RVR. Another grievance sought to have Barksdale brought before his sentencing state court judge to resolve what he said was an unconstitutional sentence. This was rejected because it involved a court issue. Barksdale also filed a grievance complaining about his assignment to 6F-Zone because the assignment would mean he could not have a bottom rack which he claimed was medically necessary. He received an RVR for refusing to obey an order from staff. The file contains no grievance addressing the allegedly deplorable conditions or water quality or the complaints about rust or lead in the water or the presence of mold in either Unit 29 or 30.

Because Barksdale's prison administrative record does not contain a grievance concerning the claims he makes in this lawsuit, the defendants have satisfied their initial summary judgment burden. *See Shockley v. University of TX Med. Branch*, 2009 WL 602568, at *4 (N.D. Tex. Mar. 9, 2009) ("By pointing the Court to the absence of such grievance, Defendants met their initial summary judgment burden to show there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies.") Barksdale has not come forward with any evidence establishing a genuine issue for trial. At this point, the court may not, "in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Because Barksdale has not exhausted his administrative remedies, any part of the instant case not dismissed on the merits must be dismissed without prejudice for failure to exhaust administrative remedies. *Randy Wilson v. M.D.O.C., et al.*, Civ. No. 4:21CV67-GHD-RP, 2023 WL 417430, at *4 (N.D. Miss. Jan. 25, 2023).

### Lack of Physical Injury

As to any physical injuries, a prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages regardless of the nature of the claim. 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well-established Eighth Amendment standards guide the analysis to determine whether a prisoner has sustained the necessary physical injury to support a claim arising out of conditions of his confinement. That is, the injury must be more than *de minimis*, but need not be significant. See *Id.*; see also *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days was *de minimis* injury).

Plaintiff makes several allegations regarding conditions in Units 29 and 30. None of these allegations, however, rise to the level of a deprivation of "the minimal civilized measure of life's necessities." Moreover, he does not allege any specific injury that he has suffered because of any of the alleged unconstitutional conditions of confinement at Parchman. Absent some proof of injury, even an insignificant injury, Plaintiff cannot maintain his claim against Defendants under 42 U.S.C. § 1983 for compensatory damages and this part of his claim must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that the defendants' motion for summary judgment is granted and the complaint shall be dismissed. The complaint is dismissed without prejudice

11

for failure to exhaust administrative remedies as to the request for prospective injunctive relief concerning the conditions of confinement in Units 29 and 30. The complaint is otherwise dismissed with prejudice. This case is closed.

    **SO ORDERED AND ADJUDGED**, this, the 4th day of May, 2023.

                                              <u>/s/ David A. Sanders</u>
                                              **U.S. MAGISTRATE JUDGE**